## CIRCUIT COURT OF HENRICO COUNTY

Great Republic Organization, Inc.

v.

Jerry Adams

November 16, 1982

Case No. 82-C-1040

By JUDGE E. BALLARD BAKER

The question is whether Great Republic Organization, Inc., Collection Services Division is entitled to enjoin Jerry Adams from engaging in the collection service business for a period of one year within a thirty mile radius of Great Republic's principal location or the defendant's residence.

Adams, as an independent contractor, contracted with Great Republic. On July 11, 1982, Adams terminated the contract. Under the contract there was a restrictive provision on which Great Republic relies in its request for an injunction.

The law on the subject is rather clear, but application of that law to the facts is not easy.

*Roanoke Engineering* v. *Rosenbaum*, 223 Va. 548 (1982), lays down three criteria generally accepted:

(1) Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest?

(2) From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly

harsh and oppressive in curtailing his legitimate efforts to earn a livelihood?

(3) Is the restraint reasonable from the standpoint of a sound public policy?

The burden of proving reasonableness is on the employer. *Richardson* v. *Paxton*, 203 Va. 790 (1962).

An annotation at 43 A.L.R.2d 94-321 deals in great detail with the subject, and appears to recognize the three criteria as being the controlling rule. The annotation cites cases involving many activities, none identical to the present. However, cases relating to solicitors and bill collectors are cited after the observation that the territorial scope of a restrictive covenant will be held reasonable if the area of restraint is not broader than the territory throughout which the employee while working was able to establish contact with his employer's customers. pp. 164, 166.

The evidence heard on October 1, 1982, revealed that Great Republic is located on Lakeside Avenue in Henrico County. The territorial scope of Great Republic's business or Adams activities for it were not clearly developed. Plaintiff's Exhibit 4, prepared by Adams while his contract with Great Republic was in effect, purported to list clients and addresses. Locations included, not only Richmond and places in this area, but also San Diego, California, Newport News, Fredericksburg, Harrisonburg, Norfolk, East Orange, New Jersey, Warrenton, Atlanta, Charlottesville, Baltimore, Green Bay, Wisconsin, to mention a few.

Great Republic does not seek to have the territorial scope of the restriction reach that far.

The nature of the business of Great Republic is such that competition is easy, and prospects can be developed from the telephone book or from walking down the street. There are no real trade secrets. There may be methods, but no one has a patent on them.

However, Adams did have a relationship with Great Republic for a period of time, and he did agree, as a condition of that relationship, to the restriction after termination. Great Republic has a right to enforce the agreement, to the extent it is reasonable considering the three criteria referred to above.

Great Republic asks Adams "be enjoined from engaging in the collection service business for a period of one year within a thirty mile radius of GROINC'S principal location or of defendant's residence."

No reason is suggested by the evidence for a restriction surrounding Adams's place of residence. There are reasons in support of enforcing a restriction within thirty miles of Great Republic's place of business on Lakeside Avenue, but this too raises questions. There must be, within this radius, hundreds of prospective clients for the services involved here with whom Great Republic has had no contact or with whom Adams had no contact while under contract with Great Republic.

It strikes this Court as reasonable for the protection of all legitimate interests that Adams is prohibited, under his agreement, from engaging in the collection service business with respect to any clients of Great Republic, who were its clients while Adams had his relationship with Great Republic, within a thirty mile radius of the Great Republic headquarters for a period of one year from July 11, 1982.

While this has the effect of modifying the contract, a court of equity has this power. *Ehlers* v. *Iowa Warehouse*, 188 N.W.2d 368 (Iowa 1971); *Career Placement, Inc.* v. *Vaus*, 354 N.Y.S. 2d 764 (N.Y. 1974).

Adams has made a point that he is not an employee but is an independent contractor. The A.L.R. annotation referred to defines "employment" as used in the annotation as broader than the strict master-servant relationship. The agreement between these parties was that Adams would obtain accounts for collection for Great Republic. He was a solicitor. The nature of the activity, not the language used in the case to characterize the relationship, is the important thing. Adams has cited no authority that restrictive covenants such as here cannot be enforced against an independent contractor.

Great Republic and Adams made an agreement. On what has been presented to this Court, Great Republic is entitled to have the agreement enforced to the extent noted above. Circumstances which persuaded the Supreme Court in *Roanoke Engineering Sales* to enforce the full period of the restriction are not applicable here, and the restriction will not be enforced beyond July 11, 1983.